**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| DEBRA NEVENS, | NO. EDCV 10-01409 CW |
| Plaintiff, | DECISION AND ORDER |
| v. | |
| MICHAEL J. ASTRUE, Commissioner, Social Security Administration, | |
| Defendant. | |

The parties have consented, under 28 U.S.C. § 636(c), to the jurisdiction of the undersigned Magistrate Judge. Plaintiff seeks review of the Commissioner's denial of her application for supplemental security income. As discussed below, the court finds that the Commissioner's decision should be reversed and this matter remanded for further proceedings.

**I. BACKGROUND**

Plaintiff Debra Nevens was born on March 15, 1961, and was forty-nine years old at the time of her administrative hearing. [Administrative Record "AR" 56.] She has at least a high school

1

education, past work experience as a toy assembler and CD assembler, and is able to communicate in English. [AR 19-20.] Plaintiff claims disability on the basis of right knee swelling and pain, arthritis, mid- and lower-back pain, left shoulder pain, left foot spur, anxiety, diabetes mellitus, carpal tunnel syndrome, and morbid obesity. [Joint Stipulation "JS" 2.]

## II. PROCEEDINGS IN THIS COURT

Plaintiff filed a complaint on September 22, 2010. On March 17, 2011, Defendant filed an answer and Plaintiff's Administrative Record ("AR"). On July 7, 2011, the parties filed their Joint Stipulation ("JS") identifying matters not in dispute, issues in dispute, positions of the parties, and the relief sought by each party. This matter has been taken under submission without oral argument.

## III. PRIOR ADMINISTRATIVE PROCEEDINGS

Plaintiff applied for supplemental security income on October 9, 2007, alleging disability since June 14, 2000. [AR 56-60, 124-26.] After the application was denied initially and upon reconsideration, Plaintiff requested an administrative hearing, which was held before an Administrative Law Judge ("ALJ") on March 30, 2010. [AR 21-53, 61-69, 73-78, 80.] At the hearing, Plaintiff appeared with counsel and testified. [Id.] A medical and vocational expert also appeared and testified. [Id.] The ALJ issued a decision denying benefits on May 10, 2010. [AR 6-20.] On June 7, 2010, Plaintiff sought review with the Appeals Council. [AR 4-5.] When the Appeals Council denied review on August 16, 2010, the ALJ's decision became the Commissioner's final decision. [AR 1-3.]

## IV. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the

2

Commissioner's decision to deny benefits. The Commissioner's (or ALJ's) findings and decision should be upheld if they are free of legal error and supported by substantial evidence. However, if the court determines that a finding is based on legal error or is not supported by substantial evidence in the record, the court may reject the finding and set aside the decision to deny benefits. See Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001); Tonapetyan v. Halter, 242 F.3d 1144, 1147 (9th Cir. 2001); Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999); Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); Moncada v. Chater, 60 F.3d 521, 523 (9th Cir. 1995)(per curiam).

"Substantial evidence is more than a scintilla, but less than a preponderance." Reddick, 157 F.3d at 720. It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion." Id. To determine whether substantial evidence supports a finding, a court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Id. "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Reddick, 157 F.3d at 720-721; see also Osenbrock, 240 F.3d at 1162.

## V. DISCUSSION

### A. THE FIVE-STEP EVALUATION

To be eligible for disability benefits a claimant must demonstrate a medically determinable impairment which prevents the claimant from engaging in substantial gainful activity and which is expected to result in death or to last for a continuous period of at

least twelve months. <u>Tackett</u>, 180 F.3d at 1098; <u>Reddick</u>, 157 F.3d at 721; 42 U.S.C. § 423(d)(1)(A).

Disability claims are evaluated using a five-step test:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Part 404, Subpart P, Appendix 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

<u>Lester v. Chater</u>, 81 F.3d 821, 828 n.5 (9th Cir. 1995, <u>as</u> <u>amended</u> April 9, 1996); <u>see</u> <u>also</u> <u>Bowen v. Yuckert</u>, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987); <u>Tackett</u>, 180 F.3d at 1098-99; 20 C.F.R. § 404.1520, § 416.920. If a claimant is found "disabled" or "not disabled" at any step, there is no need to complete further steps. <u>Tackett</u>, 180 F.3d 1098; 20 C.F.R. § 404.1520.

Claimants have the burden of proof at steps one through four, subject to the presumption that Social Security hearings are non-

4

adversarial, and to the Commissioner's affirmative duty to assist claimants in fully developing the record even if they are represented by counsel. Tackett, 180 F.3d at 1098 and n.3; Smolen, 80 F.3d at 1288. If this burden is met, a prima facie case of disability is made, and the burden shifts to the Commissioner (at step five) to prove that, considering residual functional capacity ("RFC")[1], age, education, and work experience, a claimant can perform other work which is available in significant numbers. Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. § 404.1520, § 416.920.

**B. THE ALJ'S EVALUATION OF PLAINTIFF'S CASE**

The ALJ found that Plaintiff had not engaged in substantial gainful activity since October 9, 2007, the date of her application (step one); that Plaintiff had "severe" impairments, namely morbid obesity, low back disorder, degenerative arthritis and internal derangement of the right knee, diabetes mellitus, and chronic iron deficiency anemia (step two); and that Plaintiff did not have an impairment or combination of impairments that met or equaled a "listing" (step three). [AR 11-12.]

The ALJ determined that Plaintiff had an RFC to perform light

---

[1] Residual functional capacity measures what a claimant can still do despite existing "exertional" (strength-related) and "nonexertional" limitations. Cooper v. Sullivan, 880 F.2d 1152, 1155 n.s. 5-6 (9th Cir. 1989). Nonexertional limitations limit ability to work without directly limiting strength, and include mental, sensory, postural, manipulative, and environmental limitations. Penny v. Sullivan, 2 F.3d 953, 958 (9th Cir. 1993); Cooper, 800 F.2d at 1155 n.7; 20 C.F.R. § 404.1569a(c). Pain may be either an exertional or a nonexertional limitation. Penny, 2 F.3d at 959; Perminter v. Heckler, 765 F.2d 870, 872 (9th Cir. 1985); 20 C.F.R. § 404.1569a(c).

5

work[2] except that Plaintiff could lift and carry twenty pounds occasionally and ten pounds frequently, stand and walk for fifteen to twenty minutes at a time for a total of one hour of an eight-hour workday with the use of a cane as needed, sit for eight hours of an eight-hour workday with normal breaks every two hours, climb stairs, and occasionally stoop and bend. [AR 12.] The ALJ also determined that Plaintiff should "avoid uneven surfaces," could not squat, kneel, crawl, run, jump, pivot, operate foot pedals or controls on the right (but can occasionally do so with the left lower extremity), climb ladders, and work at heights. [Id.] The ALJ further opined that Plaintiff's work environment should be as clean as an air-conditioned environment, for quality air control free of excessive inhaled pollutants, such as an office or hearing room. [Id.]

The ALJ found this RFC precluded Plaintiff from performing her past relevant work as a toy assembler and CD assembler (step four). [AR 18.] However, considering Plaintiff's RFC, in addition to her age, education, and work experience, there were jobs that existed in significant numbers in the national economy that the Plaintiff could perform (step five). [AR 19.] Accordingly, Plaintiff was not "disabled" within the meaning of the Social Security Act. [AR 20.]

**C. PLAINTIFF'S PRESENT CLAIMS**

The parties' Joint Stipulation identifies the following disputed issues:

1. "Whether the ALJ's determination that Plaintiff's severe right knee impairment does not meet or equal Listing 1.02A

---

[2] Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. 20 C.F.R. §§ 404.1567(b), 416.967(b).

6

is supported by substantial evidence";

2. "Whether the ALJ properly considered the opinion of Gilda Bidet, the physician's assistant"; and

3. "Whether the ALJ made proper credibility findings."

[JS 2.]

As discussed below, Issue One is dispositive.[3]

**D.   ISSUE ONE: WHETHER PLAINTIFF'S ALLEGED KNEE IMPAIRMENT MET OR EQUALED LISTING 1.02A**

**1.   Background**

Listing 1.02 is defined as a "[m]ajor dysfunction of joint(s)(due to any cause)" and characterized by gross anatomical deformity (e.g. subluxation, contracture, bony or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitations of motion or other abnormal motion of the affected joint(s), and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s). 20 C.F.R, Pt. 404, Subpt. P, App. 1, § 1.02. Section A of Listing 1.02 requires the joint dysfunction to involve one major peripheral weight-bearing joint, such as a hip, knee, or ankle, and resulting in an "inability to ambulate effectively, as defined in 1.00B2b." Id. at § 1.02A.

An "inability to ambulate effectively" is defined as "an extreme limitation of the ability to walk." It is one that "interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities." Id. at § 1.00B2b(1). To ambulate effectively, "individuals must be capable of sustaining a reasonable

---

[3] None of the remaining issues raised by Plaintiff in the Joint Stipulation would warrant a finding of disability on the basis of the current record even if resolved in Plaintiff's favor. Accordingly, remand is the appropriate disposition of this appeal, and the Court does not need to reach the remaining disputed issues.

7

walking pace over a sufficient distance to be able to carry out activities of daily living." Id. at § 1.00B2b(2). Examples of ineffective ambulation include, but are not limited to, the inability to walk without the use of a walker, two crutches, or two canes, and the inability to walk a block at a reasonable pace "over rough or uneven surfaces." Id.

**2. Discussion**

To "meet" a listing (at step three), a claimant must meet each characteristic of a listed impairment; to "equal" a listing a claimant must show symptoms, signs, and laboratory findings at least equal in severity and duration to characteristics of a relevant listing, i.e., of the listed impairment "most like" the claimant's impairment. Tackett, 180 F.3d at 1099; 20 C.F.R. § 404.1526. If a claimant has multiple impairments, no one of which meets or equals a listing, the collective symptoms, signs, and laboratory findings of all impairments should be evaluated to determine whether, collectively, they meet or equal any listing. Tackett, 180 F.3d at 1099; 20 C.F.R. § 404.1526.

Here, Plaintiff claims her knee impairment met or equaled Listing 1.02A because she had established the presence "of a dysfunction of a major joint (right knee), which was characterized by instability, chronic pain, decreased range of motion, joint space narrowing, and inability to ambulate effectively (precluded from walking on uneven surfaces)." [JS 6.] She argues the ALJ erred in concluding she did not meet or equal Listing 1.02A since he did not evaluate the relevant evidence in the record before reaching his conclusion. [JS 3-6, 9]. The Court agrees.

An ALJ is required to evaluate all relevant evidence before finding a plaintiff's impairments do not meet or equal a listing –

"[a] boilerplate finding is insufficient." Lewis v. Apfel, 236 F.3d 503, 512 (9th Cir. 2001) (citing Marcia v. Sullivan, 900 F.2d 172, 176 (9th Cir. 1990)).

The ALJ in this case concluded Plaintiff's knee disorders "did not meet or equal Listing 1.02 (arthritis of a major weight-bearing joint." [AR 12.] The ALJ, however, did not evaluate the relevant evidence in the record before reaching his conclusion. Except for the one-line sentence referenced above, the ALJ gave no explanation to justify his finding.[4]

The ALJ's failure to explain his reasoning is particularly troubling given that the evidence in the record not only showed that Plaintiff's right knee had degenerative arthritis and internal derangement, which the ALJ found as one of Plaintiff's severe impairments, but advanced narrowing, extensive tear and degeneration of the lateral meniscus, and instability. [AR 413, 418, 433-36, 502, 508-09.] There was also evidence of possible ineffective ambulation as Plaintiff testified that she was prescribed both a walker and a cane. [AR 41-42.] In fact, in assessing Plaintiff's RFC as to ambulation, the ALJ opined that Plaintiff should "avoid uneven surfaces," which can be an example of ineffective ambulation. [AR 12.]; 20 C.F.R, Pt. 404, Subpt. P, App. 1, § 1.00B2b(2).

////

---

[4] The Commissioner argues the ALJ's finding is supported by substantial evidence, namely, the testimony of medical expert Samuel Landau, M.D. [JS 7.] A district court is constrained to review the reasons that the ALJ asserts for his or her decision, however, Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003), and may not affirm the decision based on reasons or grounds that the Commissioner did not invoke in making its decision, Stout v. Commissioner, 454 F.3d 1050, 1054 (9th Cir. 2006). Because the ALJ did not cite or discuss Dr. Landau's testimony or opinion in finding that Plaintiff did not meet or equal Listing 1.02, the Court may not consider it.

In light of the relevant evidence in the record, it cannot be said that the ALJ's boilerplate finding was sufficient to support the conclusion that Plaintiff's knee impairment did not meet or equal Listing 1.02A. See Lewis, 236 F.3d at 512; Marcia, 900 F.2d at 176. Accordingly, the ALJ's conclusory step three determination was legally erroneous. On remand, the ALJ must evaluate the evidence in the record before reaching a conclusion as to whether Plaintiff's knee impairment meets or equals Listing 1.02A.

### E. REMAND FOR FURTHER PROCEEDINGS

The decision whether to remand for further proceedings is within the discretion of the district court. Harman v. Apfel, 211 F.3d 1172, 1175-1178 (9th Cir. 2000). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. Harman, 211 F.3d at 1179 (decision whether to remand for further proceedings turns upon their likely utility). However, where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. Id. Here, as set out above, outstanding issues remain before a finding of disability can be made. Accordingly, remand is required.

### VI. ORDERS

Accordingly, **IT IS ORDERED** that:

1. The decision of the Commissioner is **REVERSED**.

2. This action is **REMANDED** to defendant, pursuant to Sentence Four of 42 U.S.C. § 405(g), for further proceedings.

////

3. The Clerk of the Court shall serve this Decision and Order and the Judgment herein on all parties or counsel.

DATED: July 29, 2011

_____
CARLA M. WOEHRLE
United States Magistrate Judge